# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VFC PARTNERS 39 LLC, ) | |
| ) | Case No. 15-cv-9646 |
| Plaintiff, ) | |
| ) | Judge Robert M. Dow, Jr. |
| v. ) | |
| ) | |
| HUNTLEY BUILDING DEVELOPMENT ) | |
| CORPORATION, PETER J. KONOPKA, ) | |
| HUNTLEY BUSINESS PARK ASSOCIATION, ) | |
| HUNTLEY GATEWAY COMMONS ) | |
| ASSOCIATION, NON-RECORD CLAIMANTS, ) | |
| UNKNOWN OWNERS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff VFC Partners 30 LLC filed a mortgage foreclosure complaint against Defendants Huntley Building Development Corporation, Peter J. Konopka, Huntley Business Park Association, Huntley Gateway Commons Association, Non-Record Claimants, and Unknown Others. [1.] Defendants Huntley Building Development Corporation and Peter J. Konopka subsequently filed an answer admitting all material allegations. [29.] Plaintiff now moves for judgment on the pleadings. [49.] For the reasons that follow, the Court grants Plaintiff's motion for judgment on the pleadings [49]. The Court directs Plaintiff to file by June 30, 2017 a supplemental memorandum supporting its claim for the full amount due and owing under the terms of the L&M, U, and V Loans. Specifically, Plaintiff is instructed to detail for each loan: the principal balance, the interest rate, the unpaid interest due at the time of filing of the supplemental memorandum, and Plaintiff's expenses for protection of the property and collateral, including sums for real estate taxes, attorney's fees, and other costs to which Plaintiff

claims it is entitled. Plaintiff should provide citations to the pleadings—namely, the exhibits attached to its complaint [1]—that support the amounts it submits. The Court will enter a separate Judgment of Foreclosure and Sale.

## I. Background

Defendant Huntley Building Development Corporation ("Huntley") is an Illinois corporation and the fee title of the real property at the center of the lawsuit, located at 11922 Oak Creek Parkway, Huntley, Illinois 60142 ("the subject property"). Defendant Huntley is also the owner of certain fixtures and personal property located on the subject property. Defendant Peter J. Konopka is an individual and citizen of Illinois. Defendants Huntley and Konopka (collectively, "Borrower") are both named as the borrower on the loan documents at issue in this case.

On or about December 20, 2010, Borrower entered into three separate commercial mortgage loans with First National Bank of Omaha to acquire Unit L&M in the original principal amount of $326,496.72 ("L&M Loan"), Unit U in the original principal amount of $131,586.54 ("U Loan"), and Unit V in the original principal amount of $176,040.00 ("V Loan"), (collectively, "the Loans"). [1 (Complaint), at ¶ 10; 29 (Answer), at ¶ 10.] The Loans are evidenced by Promissory Notes dated December 20, 2010, (collectively, "the Note"). The Notes were subsequently modified by certain Change in Term Agreements (collectively, "the Modifications"), which modified the contract interest rate and extended the maturity date of the Notes to June 15, 2015. [1, at ¶¶ 14–15; 28, at ¶¶ 14–15.]

In order to secure the Loans, Borrower executed and delivered certain loan documents, which included, among other documents: (1) a mortgage dated July 13, 2001 and recorded on August 17, 2001 as Instrument No. 2001K085085, Kane County Records, as modified by

Modification of Mortgage dated December 20, 2010 and recorded January 6, 2011 as Instrument No. 2011K001674, Kane County Records ("L&M Mortgage"); (ii) a mortgage dated July 13, 2001 and recorded on August 17, 2001 as Instrument No. 2001K085086, Kane County Records, as modified by Modification of Mortgage dated December 20, 2010 and recorded January 6, 2011 as Instrument No. 2011K001678, Kane County Records ("U Mortgage"); (iii) a mortgage dated July 13, 2001 and recorded on August 17, 2001 as Instrument No. 2001K085087, Kane County Records, as modified by Modification of Mortgage dated December 20, 2010 and recorded January 6, 2011 as Instrument No. 2011K001679, Kane County Records ("V Mortgage"); (iv) an Assignment of Rents dated December 20, 2010, and recorded on January 6, 2011 as Instrument No. 2011K001675, Kane County Records ("L&M Assignment of Rents"); (v) an Assignment of Rents dated July 13, 2001 and recorded August 17, 2001 as Instrument No. 2001K085089, Kane County Records, as modified by Modification of Mortgage dated December 20, 2010 and recorded January 6, 2011 as Instrument No. 2011K001678, Kane County Records ("U Assignment of Rents"); (vi) an Assignment of Rents dated July 13, 2001 and recorded August 17, 2001 as Instrument No. 2001K085090, Kane County Records, as modified by Modification of Mortgage dated December 20, 2010 and recorded January 6, 2011 as Instrument No. 2011K001679, Kane County Records ("V Assignment of Rents"); and (vii) a Business Loan Agreement dated December 20, 2010 (collectively with the Notes, Modifications, Mortgages, Assignments of Rent, the "Loan Documents"). [1, at ¶ 11; 29 at ¶ 11.]

On or about September 30, 2011, First National Bank of Omaha assigned the Loans and Loan Documents to Summitbridge Credit Investments LLC. [1, at ¶ 14; 29, at ¶ 14.] On or about February 23, 2015, Summitbridge Credit Investments LLC assigned the Loans and Loan Documents to Plaintiff. [1, Exhibits 4, 8, 11, 27–29.] Plaintiff subsequently perfected its

security interest in Borrower's personal property, fixtures on the subject property, and other collateral. [1, at ¶ 18–19.]

On October 29, 2015, Plaintiff filed a complaint seeking a judgment of foreclosure and other relief. [1.] Defendants Huntley and Konopka admitted that they were in default of the terms of the Loans and Loan Documents on October 29, 2015, the date Plaintiff filed its complaint. [1, at ¶ 20; 29, at ¶ 20.] On September 8, 2016, Plaintiff moved for judgment on the pleadings [49]. The Court set a briefing schedule, and Defendants failed to file a response.

**II.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the parties have filed the complaint and answer. Fed. R. Civ. P.; see also *Brunt v. Serv. Emps. Intern. Union*, 284 F.3d 715, 718–19 (7th Cir. 2002). When a Rule 12(c) motion is used in an attempt to dispose of the case on the merits, the Court applies the summary judgment standard, except that the Court may consider only the contents of the pleadings. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). Thus, the Court takes the well-pleaded allegations in the nonmoving party's pleadings as true and draws all reasonable inferences in favor of the nonmoving party—in this case, Defendants. See *id.* Judgment on the pleadings is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See *id.* The pleadings that the Court may consider "include the complaint, the answer, and any written instruments attached as exhibits." *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Additionally, the Court "may take judicial notice of documents that are part of the public record, including pleadings, orders, and transcripts from prior proceedings in the case." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013).

**III.   Analysis**

Plaintiff moves for judgment on the pleadings against Defendants, arguing that it is entitled to judgment as a matter of law on its claims seeking a judgment of foreclosure of the L&M, U, and V Mortgages, recovery under the L&M, U, and V Notes, and claim and delivery of the collateral.  This matter is before the Court pursuant to the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.  In diversity cases, the Court applies federal procedural law and state substantive law.  *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 345 (7th Cir. 2010).  Here, Illinois substantive law applies because the case involves the foreclosure of a mortgage on real property that is located in Illinois.

Under Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1101 *et seq.*, a mortgage is "any consensual lien created by a written instrument which grants or retains an interest in real estate to secure a debt or other obligation."  735 ILCS 5/15-1207.  "[F]rom the time a mortgage is recorded it shall be a lien upon the real estate that is the subject of the mortgage for all monies advanced or applied or other obligations secured in accordance with the terms of the mortgage or as authorized by law * * *."  735 ILCS 5/15-1301.  Generally speaking, a lien that is properly recorded has priority over and is entitled to satisfaction before liens that are subsequently recorded on the same property.  See, *e.g.*, *Union Planters Bank, N.A. v. FT Mortgage Cos.*, 794 N.E.2d 360, 363–64 (Ill. App. Ct. 2003).  The holder of a mortgage may face a foreclosure action if he does not timely comply with his obligations under the mortgage.  "To foreclose" means "to terminate legal and equitable interests in real estate pursuant to a foreclosure." 735 ILCS 5/15-1203. In Illinois, a party bringing a mortgage foreclosure action must attach a copy of the note and mortgage to its complaint.  735 ILCS 5/15-1504.

By admitting to the material allegations in Plaintiff's complaint and failing to respond to Plaintiff's motion for judgment on the pleadings, Defendants Huntley and Konopka have not made any attempt to establish that a genuine issue of material fact exists concerning Plaintiff's entitlement to judgment against them. Copies of the Mortgages and Notes were attached to Plaintiff's complaint [1]. Additionally, Defendants Huntley and Konopka admitted that they failed to make payment in full on the Loans when due on maturity on June 15, 2015 and that they are in default of the Loans and the Loan Documents. [1, at ¶ 20; 29, at ¶ 20.] Thus, the factual record before the Court demonstrates that there are no genuine issues of material fact with respect to any elements of Plaintiff's foreclosure claim; namely, that (1) Defendants had a mortgage on the subject property; (2) they failed to pay; and (3) they defaulted. See *Deutsche Bank Nat'l Trust, Co. v. Ortiz*, 2014 WL 117347, at *4 (N.D. Ill. Jan. 13, 2014). Furthermore, Plaintiff has shown that it suffered damages as a result of Defendants' actions.

Additionally, pursuant to § 9-609(a) of the Illinois Uniform Commercial Code, Plaintiff is entitled to immediate possession of the collateral described in the mortgages. 810 ILCS 5/9-609(a); see also *Gen. Motors Acceptance Corp. v. Stoval*, 872 N.E.2d 91, 99 (Ill. App. Ct. 2007). The UCC is applicable because the mortgages define themselves as security agreements under the UCC, thereby granting Plaintiff the right to claim a security interest in the collateral. [1, at Exhibits 5, 9, 12 (Mortgages).] Since Defendants defaulted on the Notes when they reached maturity on June 15, 2015, Plaintiff's rights as a secured creditor under the UCC entitled it to immediate possession of the collateral. Accordingly, Defendants are ordered to refrain from damaging, destroying, concealing, disposing of by sale or other transfer, or using so as to substantially impair its value, the collateral under the security agreement in the L&M Mortgage,

the U Mortgage, and the V Mortgage, and the receiver is vested with possession of the collateral until the indebtedness to Plaintiff is fully satisfied.

## IV. Conclusion

For the reasons explained above, the Court grants Plaintiff's motion for judgment on the pleadings [49]. Judgment of foreclosure is entered against Defendants. The Court directs Plaintiff to file by June 30, 2017 a supplemental memorandum supporting its claim for the full amount due and owing under the terms of the L&M, U, and V Loans. Specifically, Plaintiff is instructed to detail for each loan: the principal balance, the interest rate, the unpaid interest due at the time of filing of the supplemental memorandum, and Plaintiff's expenses for protection of the property and collateral, including sums for real estate taxes, attorney's fees, and other costs to which Plaintiff claims it is entitled. Plaintiff should provide citations to its pleadings—namely, the exhibits attached to its complaint [1]—that support the amounts it submits. The Court will enter a separate Judgment of Foreclosure and Sale.

Date: May 30, 2017

Robert M. Dow, Jr.
United States District Judge