**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VFC PARTNERS 39 LLC, ) | |
| ) | Case No. 15-cv-9646 |
| Plaintiff, ) | |
| ) | Judge Robert M. Dow, Jr. |
| v. ) | |
| ) | |
| HUNTLEY BUILDING DEVELOPMENT ) | |
| CORPORATION, PETER J. KONOPKA, ) | |
| HUNTLEY BUSINESS PARK ASSOCIATION, ) | |
| HUNTLEY GATEWAY COMMONS ) | |
| ASSOCIATION, NON-RECORD CLAIMANTS, ) | |
| UNKNOWN OWNERS, ) | |
| ) | |
| Defendants. ) | |

## JUDGMENT OF FORECLOSURE AND SALE

This cause having been heard before this Court on Plaintiff's Motion for Judgment on the Pleadings [49], the Court finds as follows:

1. **Jurisdiction:** This Court has jurisdiction of the parties and the subject matter of this action.

2. **Property:** The three (3) Mortgages described in the Complaint, executed by Huntley Building Development Corporation and Peter J. Konopka and hereby foreclosed appear of record in the Kane County Register of Deeds, Illinois as No. 2001K085085, No. 2001K085086, and No. 2001K085087, respectively, are described as follows:

    (1) Units L&M, in Huntley Gateway Commons Condominium, Phase 1, Building A, as delineated on a plat of survey of the following described tract of land:

    Lot 1 in Huntley Business Park Resubdivision No. 1 recorded December 12, 1997 as document number 97K086376, being a resubdivision of Lot 2 in Huntley Business Park in the Northwest Quarter and the Southwest Quarter of Section 9, Township 42 North, Range 7 East of the third principal meridian, according to the plat thereof recorded July 11, 1996 as document number 96K050124, in Kane County, Illinois, according to the plat of survey and the declaration of condominium recorded November 13, 1998 as document number 98K105621; together with their undivided percentage interest in the common elements.

(2) Unit U, in Huntley Gateway Commons Condominium, Phase 1, Building A, as delineated on a plat of survey of the following described tract of land:

Lot 1 (except the North 225.00 feet thereof) in Huntley Business Park Resubdivision No. 1 recorded December 12, 1997 as document number 97K086376, being a resubdivision of Lot 2 in Huntley Business Park in the Northwest Quarter and the Southwest Quarter of Section 9, Township 42 North, Range 7 East of the third principal meridian, according to the plat thereof recorded July 11, 1996 as document number 96K050124, in Kane County, Illinois, according to the plat of survey and the declaration of condominium recorded November 13, 1998 as document number 98K105621; together with their undivided percentage interest in the common elements.

(3) Unit V, in Huntley Gateway Commons Condominium, Phase 1, Building A, as delineated on a plat of survey of the following described tract of land:

Lot 1 (except the North 225.00 feet thereof) in Huntley Business Park Resubdivision No. 1 recorded December 12, 1997 as document number 97K086376, being a resubdivision of Lot 2 in Huntley Business Park in the Northwest Quarter and the Southwest Quarter of Section 9, Township 42 North, Range 7 East of the third principal meridian, according to the plat thereof recorded July 11, 1996 as document number 96K050124, in Kane County, Illinois, according to the plat of survey and the declaration of condominium recorded November 13, 1998 as document number 98K105621; together with their undivided percentage interest in the common elements.

Commonly Known As:    11922 Oak Creek Parkway
                      Huntley, IL 60142

3. **Judgment of Foreclosure and Sale is entered in favor of Plaintiff.**

4. **Material Allegations**: All material allegations of the Complaint are true and proven, and the allegations are supported by the evidence presented. By virtue of the Note and Mortgage, there is due to the Plaintiff the following amounts:

   **L&M Loan:**

   | | |
   |---|---|
   | Principal: | $333,326.02 |
   | Interest: | $ 67,526.30 |
   | Past Due Interest: | $ 43,709.43 |
   | Taxes: | $ 23,142.54 |
   | Misc. Tax Expense: | $ 15,063.46 |
   | Misc. Expense: | $      200.00 |

|  | Total Due for L&M Loan | $482,967.75 |
|---|---|---|

**U Loan:**

|  | Principal: | $174,882.70 |
|---|---|---|
|  | Interest: | $ 35,428.32 |
|  | Past Due Interest: | $ 22,923.45 |
|  | Taxes: | $  3,915.57 |
|  | Misc. Expense: | $     200.00 |
|  | Total Due for U Loan | $237,350.04 |

**V Loan:**

|  | Principal: | $134,192.74 |
|---|---|---|
|  | Interest: | $ 27,185.21 |
|  | Past Due Interest: | $ 17,477.13 |
|  | Taxes: | $  3,915.57 |
|  | Misc. Expense: | $     200.00 |
|  | Total Due for V Loan | $182,970.65 |

| **Attorney's Fees and Costs:** | $ 46,204.51 |
|---|---|
| **TOTAL** | **$949,492.95** |

5. Huntley Building Development Corporation and Peter J. Konopka are liable for all amounts owed thereunder.

6. **Costs and Fees:** Under the provisions of the Mortgage herein sought to be foreclosed, the costs of the foreclosure are an additional indebtedness for which the Plaintiff should be reimbursed, the Court having reviewed said costs and finding that they are the usual, customary and reasonable expenses incurred in like causes, the Court orders that such expenses are hereby allowed to the Plaintiff.

7. Pursuant to Local Rule 54.4, this Court has approved the portion of the lien attributable to attorneys' fees only for purposes of the foreclosure sale, and not for purposes of determining the amount required to be paid personally by defendant in the event of redemption by defendant, or a deficiency judgment, or otherwise. In the event of redemption by defendant or for purposes of any personal deficiency judgment, this court reserves the right to review the amount of attorneys' fees to be included for either purpose. Plaintiff's counsel is required to notify defendant of the provisions of this paragraph.

8. Advances made in order to protect the lien of the judgment and preserve the real estate, such as but not limited to property inspections, real estate taxes or assessments, property maintenance and insurance premiums, incurred by the Plaintiff after the date this judgment is entered and prior to the foreclosure sale shall become an additional indebtedness secured by the judgment lien and bear interest from the date of the advance at the mortgage rate of interest pursuant to 28 U.S. Code § 1961.

9. **Mortgagors' Rights:** Mortgagors were served with summons on November 5, 2015.
    i. The mortgaged real estate is residential property.
    ii. Right of redemption expires on the date three months from the date of entry of this Judgment of Foreclosure and Sale. 735 ILCS 5/15-1603.
    iii. The Mortgagors were the owner of the right of reinstatement. The right of reinstatement expired February 3, 2016 (90 days after the service of summons, pursuant to 735 ILCS 5/15-1602).

10. The Mortgage constitutes a valid lien upon the real estate which is prior, paramount and superior to the rights and interests of all other parties and non-record claimants in and to the property. Upon entry herein, the rights of the Plaintiff shall be secured by a lien upon the mortgaged real estate, which lien shall have the same priority as the Mortgage to which the judgment relates. The rights and interests of all other parties and non-record claimants are subject, subordinate and inferior to the rights of the Plaintiff herein.

11. Plaintiff is allowed two alternatives means of sale through: (a) a Sheriff's auction pursuant to 810 ILCS 5/9-604; or (b) by the Receiver pursuant to 735 ILCS 5/15-1506(f).

12. In the event the Plaintiff sells the property pursuant to public auction as provided by 810 ILCS 5/9-604:

    (a) The Plaintiff or any of the parties to this cause may become the purchasers at such sale. If Plaintiff is the successful bidder at said sale, the amount due the Plaintiff, plus all costs, advances and fees together with interest incurred between entry of judgment and confirmation of sale shall be taken as a credit on its bid.

    (b) The Real Estate together with all improvements, fixtures, and appurtenances thereto, Rents and Personal Property may be sold at public auction to the highest bidder for cash by the Sheriff of Kane County ("Selling Officer") at a time and place to be selected by the Selling Officer. The Selling Officer has the authority to sell the Personal Property together with the Real Estate as provided by 810 ILCS 5/9-604.

    (c) **Notice:** The attorneys for the Plaintiff shall give public notice of the time, place and terms of sale. The notice of sale shall be published at least three (3) consecutive calendar weeks (Sunday through Saturday), once each week, the first such notice to be published not more than forty five (45) days prior to the sale, the last such notice to be published not less than seven (7) days prior to the sale by:

     i. advertisements in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed; and
    ii. separate advertisements in the section of such newspaper, which may be the same newspaper used for section (A), in which the real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public, there being no requirement for the second advertisement to include a legal description; and
   iii. such other publications as may be further ordered by the court.

(d) Said public notice shall include the information required pursuant to 735 ILCS 5/15-1507(c)(1), but an immaterial error in the information shall not invalidate the legal effect of the public notice.

(e) Notice of sale shall also be given by the attorneys for Plaintiff to all parties in the action who have appeared and have not heretofore been found by the Court to be in default for failure to plead. Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint, not more than forty five (45) days nor less than seven (7) days prior to the date of sale. After notice is given as required in this section, a copy thereof shall be filed in the office of the clerk of this Court together with a certificate of counsel or other proof that notice has been served in compliance with this section.

(f) The notice of sale may be given prior to the expiration of the redemption period previously determined.

(g) The Selling Officer may adjourn or continue the sale subject to the notice and advertisement requirements of 735 ILCS 5/15-1507(c)(4).

(h) **Terms of Sale**: The Selling Officer shall offer for sale the real estate described herein, with all improvements, fixtures and appurtenances thereto; or so much of said real estate which may be divisible and sold separately without material injury to the parties in interest. The real estate shall be sold at public auction to the highest bidder for cash requiring payment not less than twenty-five (25%) percent at the time of sale and the balance within twenty four (24) hours plus interest at the statutory judgment rate on any unpaid portion of the sale price from the date of sale to the date of payment. All payments of the amount bid shall be in cash or certified funds payable to the Selling Officer. In the event the bidder fails to comply with the terms of the purchase as required, then upon demand by the Plaintiff in a notice served on the Selling Officer and on the bidder, the funds submitted shall be forfeited to the Plaintiff or the Plaintiff has the option to have the property sold to the next highest bidder. In the event there is a third party bidder other than the Plaintiff, the Selling Officer shall obtain the name, address (other than a post office box), and telephone number of that bidder. Notice by regular mail to the address given by the bidder and to the officer conducting the sale shall be deemed to be sufficient notification by the Plaintiff to exercise its option to forfeit the

funds. The subject property is offered for sale without any representation as to quality or quantity of title and without recourse to Plaintiff.

(i) At the sale of the mortgaged real estate, the Selling Officer shall give to the purchaser a receipt of sale. The receipt shall describe the real estate purchased and shall show the amount paid or to be paid therefore. An additional receipt shall be given at the time of the subsequent payment. Upon the sale of the mortgaged real estate the Selling Officer may give and record a certificate of sale in accordance with 735 ILCS 5/12-119 and 12-121. The certificate of sale shall be freely assignable.

(j) **Proceeds:** Out of the proceeds of said sale, the Selling Officer shall make distribution in the following order of priority:

   i. The Selling Officer shall be paid its reasonable sale expenses;
   ii. To the Plaintiff or its attorney, the amounts set forth in paragraph 4 of this Judgment plus any additional costs of sale with statutory interest from the date hereof;
   iii. To the Plaintiff or its attorney, the reasonable expenses of securing possession before sale, holding, maintaining and preparing the real estate for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, receiver's and management fees and to the extent provided for in the mortgage or other recorded agreement and not prohibited by law, reasonable attorneys' fees, payments made pursuant to 735 Ill. Comp. Stat. Ann. 5/15-1505 and other legal expenses incurred by the mortgagee;
   iv. If after payment of the above items there shall be a remainder, the Selling Officer shall hold this surplus subject to the further order of this Court; if the remainder of the proceeds shall not be sufficient to pay the above described amounts and interest, the Selling Officer shall then specify the amount of the deficiency in its report of sale and Defendants shall be liable for any deficiency judgment described in the report of sale;
   v. In the case of a surplus (a) the selling officer shall immediately turn over surplus funds to the Clerk of the Court; and (b) counsel for movant shall notify the mortgagor, by letter, of the surplus, specifying that the funds may be obtained by petition and notifying the mortgagor(s) as to the procedures for doing so; Counsel for the movant must include the official court surplus request form with the notifications.

(k) **Post-sale and Confirmation:** The Selling Officer shall promptly make a report of sale to the Court. Upon motion and notice in accordance with Court rules applicable to motions generally, the Court shall then enter an order confirming the sale, which confirmation order may also: (a) approve the mortgagee's fees, costs and additional advances arising between the entry of the judgment of foreclosure and the confirmation hearing; (b) determine the priority of the judgments of parties who deferred proving the priority pursuant to 735 Ill. Comp. Stat. Ann. 5/15-1506(h), but the Court shall not defer confirming the sale pending the determination of such priority.

(l) Upon confirmation of the sale and payment of the purchase price and any other amount required to be paid by purchaser at sale, the Selling Officer shall execute and deliver to the holder of the certificate of sale, or if no certificate has been issued, then to the holder of the receipt of sale or the assignee thereof, a deed sufficient to convey title. Said conveyance shall be an entire bar to all claims to the parties to the foreclosure and all persons claiming thereunder.

(m) Thereupon, the grantee in such deed, or its legal representative or assigns shall be let into possession of the premises. That the parties hereto who shall be in possession of said premises, or any part thereof, including leaseholders or any person who may have come into such possession under them or any of them, since the inception of the mortgage or commencement of this suit, shall upon presentment of said deed, surrender possession of said premises to said grantee, its representative or assigns, and in default of so doing, an order of possession shall issue.

13. In the event of a Receiver Sale pursuant to 735 ILCS 5/15-1506(f) and (g) the Real Estate shall be sold at any time after entry of this Foreclosure Judgment, in the following manner:

    (a) The Real Estate may be listed with a real estate licensed broker and sold at fair market value.

    (b) Receiver shall seek approval of this Court before entering into a purchase agreement to sell the Real Estate.

    (c) Receiver shall be the officer to conduct the sale.

    (d) Receiver is authorized to transfer and sell the Real Estate upon the terms and conditions in a commercially reasonable Purchase Agreement entered into between the buyer and Plaintiff;

    (e) If the Receiver is authorized to sell the Real Estate in a private sale, no further publication need be made in connection with this Foreclosure Judgment.

    (f) Upon receipt of the purchase price, Receiver is authorized and directed to pay (or to authorize payment by any escrow agent of) all customary costs of sale, along with all customary prorations and adjustments, in the manner provided in the Purchase Agreement, including but not limited to all closing costs that are the seller's responsibility under the Purchase Agreement, all commissions due to the Broker as set forth in the Listing Agreement, all real estate taxes due and owing as of the closing date, and other adjustments as required by the Purchase Agreement or as reasonably approved by both Receiver and Plaintiff. The gross purchase price, less these deductions and prorations, is the "Net Proceeds of Sale."

(g) Receiver is authorized to execute and, upon receipt of the purchase price, to deliver to the purchaser under the Purchase Agreement, the deed, bill of sale, closing statement and all other documents necessary or desirable to transfer the Real Estate pursuant to the Purchase Agreement, in Receiver's capacity as court-appointed officer to conduct the sale.

(h) The Net Proceeds of Sale shall be disbursed (i) first, to pay any unpaid fees of Receiver (including out-of-pocket expenses and attorneys' fees) and other expenses of the receivership, if any; (ii) second, to Plaintiff or as Plaintiff may direct until the Indebtedness has been paid in full; and (iii) third, to the clerk of the court to be held pending further order of the court.

(i) Receiver shall file a report of sale with the clerk of the court within ten (10) days of closing.

(j) Contemporaneously with the hearing to approve the Receiver's final report, the Court will hold a hearing to confirm the sale.

(k) With the exception of any Permitted Exceptions (as defined in the Purchase Agreement), easements, and any other interests that survive a judicial foreclosure under applicable law, the sale of the Real Estate shall be free and clear of any and all liens, lis pendens, claims, pledges, mortgages, rights, security interests, charges, options, the redemption rights of Defendants and their successors and assigns, and all other right, title and interest of Plaintiff, Defendants and third parties.

14. A duly certified copy of this Judgment, under the hand of the Clerk and the seal of this Court shall be sufficient authority to the Selling Officer to execute the judgment without further order of this Court.

15. **A copy of this Judgment shall be mailed to all defendants within 7 days from the entry of the judgment**.

Date: July 11, 2017

_____
Robert M. Dow, Jr.
United States District Judge